IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JASON SERVO**,

        Plaintiff,

   v.

**CHIEF CRAIG JUNGINGER, CAPT. DALE CUMMINS, and CITY OF GRESHAM**,

        Defendants.

No. 3:13-cv-00702-PK

OPINION AND ORDER

**MOSMAN, J.**,

    On June 25, 2014, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [67] in the above-captioned case, recommending that Defendants' motion for summary judgment be granted. Neither party objected.

## DISCUSSION

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140,

1 – OPINION AND ORDER

149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R.  28 U.S.C. § 636(b)(1).

Plaintiff Mr. Servo alleges in part that Defendants violated his due process rights by harboring or expressing bias towards him in the course of the proceedings resulting in his termination of employment.  Due process requires a hearing before an impartial tribunal, and a "biased proceeding is not a procedurally adequate one."  *Clements v. Airport Auth.*, 69 F.3d 321, 333 (9th Cir. 1995) (*citing Ward v. Village of Monroeville*, 409 U.S. 57, 59–60 (1972)).  To clarify Judge Papak's F&R, I do not hold Plaintiff's allegation of bias to be legally deficient but rather hold that the allegation fails on evidentiary grounds.  Summary judgment is appropriate when the evidence is such that no reasonable jury could find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is no evidence in the record of this case that bias infected the proceedings surrounding Mr. Servo's termination.

Upon review, I agree with Judge Papak's recommendation, and I ADOPT the F&R [67] as my own opinion.

IT IS SO ORDERED.

DATED this   6th   day of August, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge